# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JAMES DEAN RAYMOND,

    Petitioner,

vs.

STATE OF IOWA,

    Respondent.

No. C13-2077-LRR

**ORDER**

---

This matter is before the court on the petitioner's motion to dismiss without prejudice (docket no. 8). The petitioner filed such motion on February 11, 2014. It is evident from the petitioner's motion to dismiss without prejudice that he is seeking dismissal in response to the assertions that the respondent included in its answer (docket no. 7). In response to the petitioner's motion to dismiss without prejudice, the respondent filed a notice (docket no. 9) on February 12, 2014. In such notice, the respondent informed the court that it did not resist the petitioner's motion to dismiss without prejudice and that it did not waive any defenses which exist now or will be available in the future. As to specific defenses, the respondent identified the applicable statute of limitations and the failure to exhaust available remedies. In light of the record that appears to demonstrate that the petitioner failed to comply with 28 U.S.C. § 2254(b)(1)(A) because he did not exhaust the remedies available in the courts of Iowa, the motion to dismiss without prejudice (docket no. 8) is granted.[1] The clerk's office is directed to dismiss without

---

[1] As to his habeas corpus claims, the petitioner should be mindful of the one-year limitation period. *See* 28 U.S.C. § 2244(d). He should also keep in mind that calculating the one-year limitation period from the date on which the judgment became final by the

(continued…)

[1](…continued)
conclusion of direct review or the expiration of the time for seeking such review is not always straight forward. *See, e.g., Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S. Ct. 641, 653-54, 181 L. Ed. 2d 619 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)). Furthermore, post-conviction matters tend to complicate the calculation. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"); *Walker v. Norris*, 436 F.3d 1026, (8th Cir. 2006) (making clear that, when an application for post-conviction relief is untimely under state law, it is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)); *Beery v. Ault*, 312 F.3d 948, 950-51 (8th Cir. 2002) (explaining that a "properly filed" application is one that meets all of the state's procedural requirements); *Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief). In addition, the one-year statute of limitation contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state application for post-conviction relief under Iowa Code section 822 lapses. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Lastly, the dismissal without prejudice of this action may also impact the calculation. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (concluding that the dismissal

(continued…)

prejudice the petitioner's habeas corpus action.

**IT IS SO ORDERED**.

**DATED** this 19th day of February, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued) without prejudice of an initial federal application for a writ of habeas corpus rendered that proceeding a nullity and left the parties as if no action had ever been filed) (citing *Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 74 (2001), for the proposition that 28 U.S.C. § 2244(d)(2) does not permit tolling on the basis of a pending application for a writ of habeas corpus).